\*\*Original filed 4/27/07\*\*

NOT FOR CITATION

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| RONALD EDWARD STEINER, JR., | ) | C 02-4829 JF (PR) |
| Petitioner, | ) | ORDER GRANTING RESPONDENT'S MOTION TO DISMISS |
| vs. | ) | |
| JOE MCGRATH, | ) | |
| Respondent. | ) | (Docket No. 3) |

Petitioner, a state prisoner proceeding pro se, seeks a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. The Court ordered Respondent to show cause why the petition should not be granted. Respondent filed a motion to dismiss the petition as untimely, and Petitioner filed opposition to the motion. The Court initially denied Respondent's motion to dismiss the petition without prejudice and directed Petitioner to submit evidence of (1) the date he learned of the AEDPA one-year filing period; (2) the date that Salinas Valley State Prison law library received the text of the AEDPA or materials explaining the AEDPA one-year filing period (or evidence that the law library did not have these materials before July 1998); and (3) the date Petitioner submitted his first habeas petition to the California Supreme Court to prison authorities for mailing.

Petitioner has filed supplemental evidence, and Respondent has filed a supplemental brief discussing equitable tolling. Based upon the Court's review of the papers and the underlying record, the Court now GRANTS Respondent's motion to dismiss the instant petition as untimely pursuant to 28 U.S.C. § 2244(d).

## BACKGROUND

Pursuant to a plea agreement, Petitioner pled guilty to robbery (Cal. Pen. Code § 211), with enhancements for prior convictions, in the Napa Superior Court. On June 10, 1996, Petitioner was sentenced to twenty-five years-to-life in state prison. Petitioner did not appeal his conviction. Petitioner sought collateral relief by filing a state habeas petition in the state supreme court on January 19, 1999, which was denied on May 26, 1999. See Attachment to Petition at 8. Petitioner filed a second habeas petition in the state supreme court on September 7, 2001, which was denied on December 19, 2001. Id. at 9. Petitioner then filed a habeas petition in the state appellate court on June 24, 2002, which was denied on June 28, 2002. Id. at 10-11. Petitioner filed the instant federal habeas petition on October 7, 2002.

## DISCUSSION

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") became law on April 24, 1996, and imposed for the first time a statute of limitations on petitions for a writ of habeas corpus filed by state prisoners. Petitions filed by prisoners challenging non-capital state convictions or sentences must be filed within one year of the latest of the date on which: (A) the judgment became final after the conclusion of direct review or the time passed for seeking direct review; (B) an impediment to filing an application created by unconstitutional state action was removed, if such action prevented petitioner from filing; (C) the constitutional right asserted was recognized by the Supreme Court, if the right was newly recognized by the Supreme Court and made retroactive to cases on collateral review; or (D) the factual predicate of the claim could have been discovered through the exercise of due diligence. 28 U.S.C. § 2244(d)(1). Time during which a properly filed application for state post-conviction or other collateral review is pending is excluded from the one-year time limit. Id. § 2244(d)(2).

The one-year period generally will run from "the date on which the judgment became

final by conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). If a petitioner could have sought review by the state court of appeal or the state supreme court, but did not, the limitation period will begin running against him the day after the date on which the time to seek such review expired. See Smith v. Duncan, 297 F.3d 809, 812-13 (9th Cir. 2002) (limitation period began running day after time to seek discretionary review of California Court of Appeal's decision in the Supreme Court of California expired, which was 40 days after the Court of Appeal filed its opinion) (citing Cal. Rules of Court 24(a), 28(b), 45(a); Cal. Civ. Proc. Code § 12a).

Here, because Petitioner did not appeal his conviction, the conviction became final when the time to file a notice of appeal expired, i.e., sixty days after Petitioner was sentenced on June 10, 1996. See Cal. Rules of Court 31(a) (providing that appeal from criminal judgment must be filed within sixty days after rendition of judgment or making of the order); Cal Rules of Court 31(b) (providing that appeal from criminal judgment entered upon a plea of guilty or nolo contendere must be filed within sixty days after judgment is rendered and must be in form of a request for a certificate of probable cause as required by Cal. Penal Code § 1237.5). As a result, petitioner's "time for seeking" direct review expired on August 10, 1996. Accordingly, Petitioner had until August 9, 1997 to file his federal habeas petition. The instant petition is not deemed filed in this court until October 1, 2002,[1] over five years after the limitations period expired. Absent tolling, therefore, the petition is untimely.

The one-year statute of limitations is tolled under § 2244(d)(2) for the "time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2). An application for collateral review is "pending" in state court "as long as the ordinary state collateral review process is 'in continuance' – i.e., 'until the completion of' that process." Carey v. Saffold, 536 U.S. 214, 219-20 (2002).

---

[1] See Saffold v. Newland, 250 F.3d 1262, 1268 (9th Cir. 2001) (deeming pro se federal habeas petition filed when prisoner signs petition and presumably gives it to prison authorities for mailing), vacated and remanded on other grounds, Carey v. Saffold, 536 U.S. 214 (2002).

1    Petitioner filed his first state habeas petition in the state supreme court on January 19,
2    1999, which was denied on May 26, 1999.  On September 7, 2001, Petitioner filed a second
3    habeas petition in the state supreme court, which was denied on December 19, 2001.  Id. at 9.
4    Petitioner then filed a state habeas petition in the state appellate court on June 24, 2002, which
5    was denied on June 28, 2002.  Id. at 10-11.  Petitioner is not entitled to statutory tolling for any
6    of these petitions, as a state habeas petition filed after AEDPA's statute of limitations ended
7    cannot toll the limitation period.  Ferguson v. Palmateer, 321 F.3d 820, 823 (9th Cir. 2003)
8    ("[S]ection 2244(d) does not permit the reinitiation of the limitations period that has ended
9    before the state petition was filed," even if the state petition was timely filed); Jiminez v. Rice,
10   276 F.3d 478, 482 (9th Cir. 2001) (same).

11   Because statutory tolling does not render the petition timely, the Court must decide
12   whether equitable tolling saves the petition.  The Supreme Court has "never squarely addressed
13   the question whether equitable tolling is applicable to AEDPA's statute of limitations," Pace v.
14   DiGuglielmo, 544 U.S. 408, 418 n.8 (2005), but Ninth Circuit authority holds that the one-year
15   limitation period may be equitably tolled because § 2244(d) is a statute of limitations and not a
16   jurisdictional bar.  Calderon v. United States District Court (Beeler), 128 F.3d 1283, 1288 (9th
17   Cir. 1997), cert. denied, 523 U.S. 1, and cert. denied, 523 U.S. 1061 (1998), overruled in part
18   on other grounds by Calderon v. United States District Court (Kelly), 163 F.3d 530 (9th Cir.
19   1998) (en banc), cert. denied, 526 U.S. 1060 (1999).  Equitable tolling will not be available in
20   most cases because extensions of time should be granted only if "extraordinary circumstances
21   beyond a prisoner's control make it impossible to file a petition on time."  Id. (citation and
22   internal quotation marks omitted).

23   The Ninth Circuit has held that the petitioner bears the burden of showing that this
24   "extraordinary exclusion" should apply to him.  Miranda v. Castro, 292 F.3d 1063, 1065 (9th
25   Cir. 2002).  The petitioner must establish two elements in order to be granted equitable tolling:
26   "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary
27   circumstance stood in his way."  Raspberry v. Garcia, 448 F.3d 1150, 1153 (9th Cir. 2006)
28   (quoting Pace, 544 U.S. at 419); see Pace, 544 U.S. at 419 (petitioner's lack of diligence in

filing timely state and federal petitions precluded equitable tolling); <u>Miles v. Prunty</u>, 187 F.3d 1104, 1107 (9th Cir. 1999) ("When external forces, rather than a petitioner's lack of diligence, account for the failure to file a timely claim, equitable tolling of the statute of limitations may be appropriate."). The prisoner also must show that "the 'extraordinary circumstances' were the cause of his untimeliness." <u>Spitsyn v. Moore</u>, 345 F.3d 796, 799 (9th Cir. 2003) (citations omitted). Where a prisoner fails to show "any causal connection" between the grounds upon which he asserts a right to equitable tolling and his inability to timely file a federal habeas application, the equitable tolling claim will be denied. <u>Gaston v. Palmer</u>, 417 F.3d 1030, 1034-35 (9th Cir. 2005) (holding that where prisoner fails to show causal connection between self-representation on direct appeal or physical and mental disabilities and inability to timely file petition, district court's finding that he was not entitled to equitable tolling where he had earlier filed a state habeas petition was not clear error).

Whether equitable tolling is in order turns on an examination of detailed facts. <u>Lott v. Mueller</u>, 304 F.3d 918, 923 (9th Cir. 2002). <u>See, e.g.</u>, <u>Stillman v. LaMarque</u>, 319 F.3d 1199, 1202 (9th Cir. 2003) (finding equitable tolling warranted where prison litigation coordinator promises the prisoner's lawyer to obtain the prisoner's signature in time for filing a petition, but then breaks his promise, causing the petition to be late). The prisoner must demonstrate reasonable diligence to have the benefit of equitable tolling in these circumstances. <u>See</u> <u>Guillory v. Roe</u>, 329 F.3d 1015, 1018 (9th Cir. 2003) (finding that petitioner was not reasonably diligent where he waited twenty-seven months to present unexhausted claims to California Supreme Court and seven months after that court's decision to return to federal court).

In his opposition, Petitioner contends that he is entitled to equitable tolling because his attorney told him he gave up his rights to appeal by accepting a plea bargain. Petitioner claims that had he known he could have attacked his conviction by way of a writ of habeas corpus, he would not have filed a late petition. <u>See</u> Pet.'s Opp. at 1. Petitioner also maintains that the first prison to which he was sent - Salinas Valley State Prison ("SVSP") - did not have any legal materials describing the "AEDPA" until July 1998. Petitioner argues that equitable tolling

1 applies because he had no knowledge of the AEDPA or any time limitations. Id. When he
2 found out he could attack his conviction through a habeas petition, two and a half years after
3 his conviction, there was "no 'AEDPA' knowledge or research available to him in the prison
4 law library." Id. at 2.

5       As a matter of law, Petitioner's lack of knowledge of the deadline, and the failure of his
6 attorney to notify him of his right to seek review of the underlying judgment by filing a habeas
7 petition did not in and of themselves not make it "impossible" to file a federal habeas petition
8 so as to warrant equitable tolling. See Marsh v. Soares, 223 F.3d 1217, 1220 (10th Cir. 2000)
9 (ignorance of deadline does not warrant equitable tolling); Cantu-Tzin v. Johnson, 162 F.3d
10 295, 299-300 (5th Cir. 1998) (pro se status did not warrant equitable tolling); cf. Hughes v.
11 Idaho State Bd. of Corrections, 800 F.2d 905, 909 (9th Cir. 1986) (holding illiteracy of pro se
12 petitioner not sufficient cause to avoid procedural bar).

13       Petitioner faults his trial attorney for failing to advise him of his right to appeal after
14 Petitioner entered into the plea agreement. Ordinarily, a defendant who enters into a plea
15 agreement has no appealable issues. Because issues must be exhausted on appeal or collateral
16 review in state court before they can be presented in a federal habeas petition, there ordinarily
17 would be no need for a trial attorney to advise such a defendant of his rights to federal habeas
18 review. See 28 U.S.C. § 2254(b), (c). Thus, Petitioner's trial attorney may have acted well
19 within his professional obligations.

20       Because this is a non-capital case, Petitioner was not entitled to counsel in connection
21 with his federal habeas petition. See Lawrence v. Florida, 127 S. Ct. 1079, 1085 (2007).
22 The Supreme Court has held that in non-capital cases, an attorney's miscalculation of the
23 limitations period and negligence in general do not constitute extraordinary circumstances
24 sufficient to warrant equitable tolling. Lawrence, 127 S. Ct. at 1085 (assuming without
25 deciding that equitable tolling applies to § 2244(d)(2); in case where prisoner has no
26 constitutional right to counsel, attorney miscalculation of limitations period not sufficient).
27 Even assuming that the attorney was negligent, moreover, Petitioner's argument fails because
28 run-of-the-mill attorney negligence does not warrant equitable tolling of the limitations period.

See Frye v. Hickman, 273 F.3d 1144, 1146 (9th Cir. 2001) (holding that attorney negligence such as an attorney's miscalculation of the limitations period does not warrant equitable tolling). Because he has alleged no facts from which it may be inferred that his attorney in any way impeded or prevented him from filing a timely federal petition or lulled him into believing that such a petition would be filed, Petitioner's case is distinguishable from Spitsyn v. Moore, 345 F.3d 796, 800-01 (9th Cir. 2003) (equitable tolling appropriate where attorney was retained to file and prepare petition, failed to do so, and disregarded requests to return files pertaining to petitioner's case until well after the date the petition was due). Accordingly, Petitioner is not entitled to equitable tolling for the alleged ineffective assistance of his defense counsel.

Next, Petitioner claims that the Salinas Valley State Prison law library did not have AEDPA materials available until July 1998. Petitioner argues that this constitutes both a basis for equitable tolling and "[an] impediment to filing an application" which warrants a delay in the commencement of the limitations period under § 2244(d)(1)(B). Pet.'s Opp. at 3. Petitioner cites to Whalem/Hunt v. Early, 233 F.3d 1146 (9th Cir. 2000) (en banc) (holding that the unavailability of materials in prison law library explaining the AEDPA may warrant equitable tolling or a delayed commencement of the limitations period pursuant to § 2244(d)(1)). The Ninth Circuit has held that a pro se petitioner's inability to access information about the statute of limitations deadline may warrant equitable tolling. Whalem/Hunt, 233 F.3d at 1148 (remanding case to district court for development of facts concerning whether AEDPA materials were unavailable in the prison law library and the legal significance of such a finding).

As noted above, Petitioner states that Salinas Valley State Prison did not have any legal materials describing "AEDPA" until July 1998. Petitioner alleges that he did not learn of AEDPA until January 1999, after which he promptly filed a state habeas petition in the state supreme court. Pet.'s Opp. at 1-2. In response to this Court's order directing Petitioner to submit supplemental evidence, Petitioner states that he first learned of AEDPA's deadline in January 1999. See Petitioner's Application to Show Evidence at 2. Petitioner has filed a note from the Pelican Bay State Prison law librarian, Ms. Griffin, in response to the Court's request

Order Granting Respondent's Motion to Dismiss
P:\pro-se\sj.jf\hc.02\Steiner829mtddis                7

for information of the date that Salinas Valley State Prison law library received AEDPA materials. In Griffin's note to Petitioner, she states that she contacted John Burk, the Senior law librarian at Salinas Valley State Prison ("SVSP") by telephone. Mr. Burk told Griffin that AEDPA information became available at SVSP in the form of advanced sheets in January 1997. See id., Exhibit B. In response to the Court's request for the date Petitioner submitted his first habeas petition to the California Supreme Court to prison authorities for mailing, Petitioner filed a copy of the first page of his state habeas petition, filed on January 19, 1999. See id., Exhibit A.

The Court concludes that these alleged circumstances, even viewed in the light most favorable to Petitioner, do not establish that Petitioner was unable to file a timely petition and that he acted with due diligence. Assuming that AEDPA materials were available at SVSP as of January 1997, the latest possible date according to Petitioner's supplemental evidence, the statute of limitations would likely commence in January 1997 and run through January 31, 1998. Petitioner filed his first state habeas petition in January 1999, more than a year after the delayed start of the limitations period pursuant to 28 U.S.C. § 2244(d)(1)(B). Accordingly, this state habeas petition, filed after AEDPA's statute of limitations ended, cannot toll the limitation period. Ferguson v. Palmateer, 321 F.3d at 823. Moreover, as set forth above, Petitioner's alleged ignorance of AEDPA's deadline does not constitute a basis for equitable tolling. See Marsh v. Soares, 223 F.3d 1217, 1220 (10th Cir. 2000) (ignorance of deadline does not warrant equitable tolling); Cantu-Tzin v. Johnson, 162 F.3d 295, 299-300 (5th Cir. 1998) (pro se status did not warrant equitable tolling); cf. Hughes v. Idaho State Bd. of Corrections, 800 F.2d 905, 909 (9th Cir. 1986) (holding illiteracy of pro se petitioner not sufficient cause to avoid procedural bar).

Additionally, Petitioner has not demonstrated that he diligently pursued his claims. He fails to show how the factual predicate of his claim, that his counsel coerced him into pleading guilty, was not known to him at the time of his plea and sentencing in 1996. The Court notes that after he allegedly learned of the AEDPA statute of limitations requirements, Petitioner was able to file three different state habeas petitions between 1999 and 2002. See Gaston, 417 F.3d

at 1034-35 (ability to file prior state habeas petition can be factor in determining whether petitioner was unable to timely file a petition in federal court). Petitioner waited approximately fifteen months between the denial of his first habeas petition and the filing of his second habeas petition in the state supreme court. Petitioner then delayed approximately six months after the denial of his second state habeas petition before filing his third state habeas petition in the state appellate court.

Under all of the circumstances, the Court concludes that Petitioner has not established facts demonstrating that he is entitled to statutory or equitable tolling. Accordingly, the instant petition is barred as untimely pursuant to 28 U.S.C. § 2244(d)(1).

## CONCLUSION

Respondent's motion to dismiss the petition as untimely (docket no. 3) is GRANTED. The instant petition is DISMISSED pursuant to 28 U.S.C. § 2244(d)(1). The Clerk shall terminate all pending motions and close the file.

IT IS SO ORDERED.

DATED: 4/27/07

JEREMY FOGEL
United States District Judge

1
2   A copy of this ruling was mailed to the following:
3
4   Ronald Edward Steiner, Jr.
    H-13869
    Pelican Bay State Prison
5   P.O. Box 7500
    Crescent City, CA  95532
6
7   Peggy S. Ruffra
    CA State Attorney General's Office
8   455 Golden Gate Avenue
    Suite 110000
9   San Francisco, CA  94102-7004
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Order Granting Respondent's Motion to Dismiss
P:\pro-se\sj.jf\hc.02\Steiner829mtddis            10